**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| ST. AUBIN JEAN DONALD PHILIPPE,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL WECKERS, *et al.*,<br><br>Defendants. | Civil Action No. 22-cv-01590-LKG<br><br>Dated:  June 20, 2023 |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.   INTRODUCTION

Plaintiff *pro se*, St. Aubin Jean Donald Philippe, brings this employment discrimination action against Defendants, Daniel Weckers, Donna Weckers and the Elkridge Furnace Inn, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.  ECF No. 1-2 at 4.  Defendants have moved to dismiss this matter pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).  ECF No. 15-1.  Plaintiff has also moved to amend the complaint and for a hearing.  ECF Nos. 13; 26.

These motions are fully briefed.  ECF Nos. 1; 13; 15; 18; 21; 23 and 26.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court (1) **GRANTS** Defendants' motion to dismiss; (2) **DENIES** Plaintiff's motion for leave to amend the complaint; (3) **DENIES-as-MOOT** Plaintiff's motion for hearing; and (4) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

In this employment discrimination action, Plaintiff *pro se*, St. Aubin Jean Donald Philippe, alleges that Defendants discriminated against him during his employment as a food and beverage manager at the Elkridge Furnace Inn, in violation of Title VII and the ADEA. ECF No. 1-2 at 4.  Plaintiff's complaint is difficult to follow.  But it appears that Plaintiff alleges that Defendants discriminated against him upon the basis of race and age, by terminating his employment and retaliating against him.  *See generally* ECF No. 1.

Specifically, Plaintiff alleges that Defendants "discriminate[d] against the only black manager" and that he was terminated, because "a racists did not like me."  ECF No. 1-1 at 4 and 6.  Plaintiff also alleges in the complaint that he brings this action pursuant to Title VII and the ADEA.  ECF 1-2 at 4.  But he provides no information in the complaint to show that he exhausted his administrative remedies before bringing this employment discrimination action.  *Id*. at 6.

As relief, Plaintiff appears to seek to recover monetary damages from Defendants. ECF No. 1-1 at 7.

### B.   Procedural Background

Plaintiff commenced this matter on June 28, 2022.  ECF No. 1.  Plaintiff filed a motion for leave to amend the complaint on September 7, 2022.  ECF No. 13.

On September 9, 2022, Defendants filed a motion to dismiss this matter, pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).  ECF No. 15.  On September 19, 2022, Plaintiff filed a response in opposition to Defendants' motion to dismiss.  ECF No. 18.

On September 21, 2022, Defendants filed an opposition to Plaintiff's motion for leave to amend the complaint.  ECF No. 19.  On September 28, 2022, Plaintiff filed a supplemental response in opposition to Defendants' motion to dismiss.  ECF No. 21.

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint, Defendants' motion to dismiss and memorandum in support thereof.

On September 30, 2022, Plaintiff filed a reply brief in support of his motion for leave to amend the complaint.  ECF No. 22.  On October 3, 2022, Defendants filed a reply brief in support of their motion to dismiss.  ECF No. 23.

On November 29, 2022, Plaintiff filed a motion for a hearing.  ECF No. 26.  On December 14, 2022, Defendants filed a response in opposition to Plaintiff's motion for a hearing.  ECF No. 27.  On December 27, 2022, Plaintiff filed a reply brief in support of his motion for a hearing.  ECF No. 28.

These motions having been fully briefed, the Court resolves the pending motions.

## III.    LEGAL STANDARDS

### A.    *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the amended complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (citation omitted); *see also Bell v. Bank of Am.*, *N.A.*, No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a pro se plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a complaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (internal quotations and brackets omitted).  And so, if plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B.    Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief.  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims

under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Id.* at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

## C.     Title VII And The ADEA

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. *See* 42 U.S.C. § 2000e. The Age Discrimination in Employment Act ("ADEA") protects certain applicants and employees who are 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. 29 U.S.C. § 623(a); *Westmoreland v. TWC Admin., LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

Under Title VII and the ADEA, a plaintiff must file a charge with the EEOC before filing suit in a federal court. 42 U.S.C. § 2000e–5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA)*; see also Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009). This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc*., 429 F.3d 480, 491 (4th Cir. 2005); *see also Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 670 (4th Cir. 2015) ("We recognize that a primary objective of exhaustion requirements is to put parties on notice of the allegations against them."). Given this, the exhaustion requirement is not "simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, together with the agency investigation and settlement process it initiates, the exhaustion requirement "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'" *Balas v. Huntington Ingalls*

*Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000)).

In this regard, the Supreme Court has held that Title VII's charge-filing requirement "is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019). And so, the Court cannot consider matters that were not properly raised during the EEOC process, even when a plaintiff has filed a timely claim with the EEOC. *See, e.g.*, *Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) ("'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'"); *Mile*s, 429 F.3d at 491.[2]

**D.  Fed. R. Civ. P. 15**

Lastly, Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Deutsch Bank Sec., Inc.*, 479 Fed. Appx. 475, 479 (4th Cir. 2012) (citation omitted). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon*

---

[2] To determine whether a plaintiff has "properly alleged [a claim] before the EEOC" in a manner satisfying the exhaustion requirement, courts "may look only to the charge filed with that agency." *Balas*, 711 F.3d at 408; *see also Evans*, 80 F.3d at 962-63 ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."); *Chacko*, 429 F.3d at 506 ("This charge frames the scope of future litigation.").

*Commc'ns, Inc.*, 755 F.Supp.2d 672, 677 (D. Md. 2010) (citation and internal quotations omitted).

## IV.    LEGAL ANALYSIS

Defendants have moved to dismiss Plaintiff's Title VII and ADEA claims pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), because: (1) Plaintiff failed to exhaust his administrative remedies prior to filing this suit and (2) Plaintiff cannot bring his Title VII claims against the individual Defendants in this case. *See generally* ECF No. 15-1.

Plaintiff does not dispute that he failed to exhaust administrative remedies before bringing this action. ECF No. 18 at 12. But he argues that this case is not an employment discrimination action. *Id*. at 48. Plaintiff has also filed motions for leave to amend the complaint and for a hearing, which Defendants oppose. ECF Nos. 13; 19; 22; 26; 27 and 28.

For the reasons that follow, a careful reading of the complaint makes clear that Plaintiff failed to exhaust his administrative remedies prior to bringing this employment discrimination action. Given this, Plaintiff's proposed amendment of the complaint would be futile. And so, for the reasons that follow, the Court (1) **GRANTS** Defendants' motion to dismiss; (2) **DENIES** Plaintiff's motion for leave to amend the complaint; (3) **DENIES-as-MOOT** Plaintiff's motion for hearing; and (4) **DISMISSES** the complaint.

### A.    Plaintiff Failed To Exhaust Administrative Remedies

As an initial matter, the complaint and the undisputed factual record before the Court makes clear that Plaintiff failed to exhaust his administrative remedies before bringing this employment discrimination action. Under Title VII and the ADEA, Plaintiff must file a charge with the EEOC, or the equivalent State agency, before filing suit in this Court. 42 U.S.C. § 2000e–5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA*); see Calvert Grp.*, 551 F.3d at 300. This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles*, 429 F.3d at 491; *see also Southpeak*, 777 F.3d at 670 ("We recognize that a primary objective of exhaustion requirements is to put parties on notice of the allegations against them."). And so, Plaintiff must exhaust his administrative remedies with the EEOC before bringing this action. *See Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("[T]he aggrieved person may initiate a civil action

based on the Title VII claims made in his EEOC charge only after receipt of a right-to-sue letter.").

In this case, Plaintiff does not dispute that he did not file his employment discrimination claims with the EEOC before commencing this action.  ECF No.1-2 at 6-7; *see also* ECF No. 18 at 12.  The complaint is also devoid of any evidence to show that Plaintiff sought to exhaust his administrative remedies before commencing this litigation.[3]  *See* ECF No. 1-2 at 6-7.  Given this, Plaintiff has not satisfied this mandatory prerequisite for bringing his employment discrimination claims under Title VII and the ADEA.  And so, the Court must GRANT Defendants' motion to dismiss and DISMISS Plaintiff's claims.[4]  Fed. R. Civ. P. 12(b)(6).

## B.  Further Amendment Of The Complaint Would Be Futile

Because it is undisputed that Plaintiff failed to exhaust his administrative remedies before bringing his action, the Court also declines to grant Plaintiff's motion for leave to amend the complaint.  The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman*, 371 U.S. at 182.  But, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss."  *Cuffee*, 755 F.Supp.2d at 677 (citation and internal quotations omitted).  Here, Plaintiff's proposed amendment cannot cure his failure to exhaust administrative remedies before bringing this action.  Given this, the proposed amendment would be futile.  And so, the Court DENIES Plaintiff's motion for leave to amend the complaint.

---

[3] Plaintiff's contention that this case is not an employment discrimination matter is belied by the plain text of the complaint.  Plaintiff alleges in the complaint that Defendants "discriminate[d] against the only black manager" and that he was terminated because "a racists did not like me."  ECF No. 1-1 at 4 and 6.  Plaintiff also alleges in the complaint that he is bringing this action pursuant to Title VII and the ADEA.  ECF No. 1-2 at 4.

[4] While the Court need not reach this issue, Defendants also correctly argue that Plaintiff improperly brings his employment discrimination claims against the individually named Defendants in this action.  ECF No. 15-1 at 4-5.  The Fourth Circuit has long held that supervisors are not liable in their individual capacities for Title VII violations.  *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998); s*ee also, Brown v. Bratton*, 2020 WL 886142 at *17 (D. Md. Feb. 21, 2020) (reiterating that "supervisors are not liable in their individual capacities for Title VII violations).

**V.       CONCLUSION**

In sum, a careful reading of the complaint makes clear that Plaintiff failed to exhaust his administrative remedies prior to bringing this employment discrimination action.  Given this, Plaintiff's proposed amendment to the complaint would also be futile.  And so, for the foregoing reasons, the Court:

1.   **GRANTS** Defendants' motion to dismiss;

2.   **DENIES** Plaintiff's motion for leave to amend the complaint;

3.   **DENIES-as-MOOT** Plaintiff's motion for hearing; and

4.   **DISMISSES** the complaint.

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge